IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>vs.<br><br>SOLOMON BACA,<br><br>Defendant(s). | Case No. 12-CR-00445-ABJ |

**ORDER DENYING MOTION TO AMEND JUDGMENT AND SENTENCE**

**THIS MATTER** has come to the Court on the Defendant's Motion to Amend Judgment and Sentence. Defendant submits that at the time of the federal offense of conviction, December 15, 2009, he was being supervised by New Mexico State authorities for the offense of Trafficking by Manufacturing Methamphetamine which followed discovery of a methamphetamine laboratory at his place of residence on October 11, 2006.

State probation officers discovered ammunition, two zip guns and numerous parts and publications related to the manufacture of machine guns which resulted in the Defendants conviction on November 27, 2012, of Count Four of the indictment, charging violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of ammunition. Docs. 44 and 47.

On April 27, 2010, Defendant's State probation was revoked and a term of imprisonment of 60 months was imposed for violation of his State probation. A Redacted Indictment was filed in the instant case on March 1, 2012. A guilty plea was eventually received by the Court pursuant to a Plea Agreement on November 27, 2012. Doc. 44. In due course a Pre-sentence Investigation Report was prepared followed by extensive objections by Defendant's counsel. Defendant's counsel prepared a Sentencing Memorandum and Appendix/Supplement. Docs. 54 and 55. The Government filed its response on February 8, 2013. Doc. 58. A Motion for a Downward Adjustment was filed by the Government on February 14, 2013, shortly before the Sentencing. On February 11, 2013, Defendant was sentenced to a 64 month term of imprisonment. The sentence provided as to the undischarged portion of the State sentence that "[p]ursuant to USSG 5G1.3(c), the Court imposes the sentence in this case [sic] run consecutively to the undischarged term of imprisonment in the [sic] state of New Mexico, Second Judicial District Court, case number CR 2007-2796."

Defendant asks the Court to Amend the Sentence to give additional credit for the 8 months that he served in federal custody for what he considers to be "basically the same charge" as the State conviction that resulted in the probation violation. *See* Motion to Amend. He alleges that his attorney failed to raise this issue, that he was a model prisoner in the State

system and had suffered injury while in custody at the hands of federal prisoners.

Baca's counsel raised the issue of a lengthened State sentence in the Sentence Memorandum filed in his behalf. Doc. 54, p.13. Counsel "conferred with the New Mexico Department of Corrections, and Mr. Baca ceased receiving credit for good time for his State sentence when he was surrendered to the U.S. Marshal's Service in response to a Writ of Habeas Corpus ad Prosequendum in this matter on June 27, 2012, but will be eligible for good time credit once he is returned to the NM DOC to complete his State Sentence. He is currently receiving credit against his sentence without the possibility of credit for good time, and thus, this federal case has essentially lengthened his State sentence." *Id*.

The Government responded and opposed the Defendant's request to run his federal sentence concurrent with the undischarged State sentence pursuant to U.S.S.G. § 5G1.3(b). The State sentence that Baca is serving is for Trafficking (by manufacturing) methamphetamine. Presentence Report (PSR), paragraph 37. Defendant's federal action arises from his violation of the gun laws at a later time. The United States contended that U.S.S.G. § 5G1.3(b) did not come into play and that the State sentence was not punishing the same conduct as the federal offense charged in this action. The United States noted that the applicable Guideline was U.S.S.G. § 5G1.3(c) which afforded the Court discretion to impose a sentence that was concurrent, partially concurrent or consecutive to the prior undischarged

3

term of imprisonment. It is clear from the Sentence in this matter that it was imposed to run consecutive to the undischarged State sentence.

Defendant seeks to shorten the term of his sentence to account for the time that he has been in pretrial custody. However, pursuant to 18 U.S.C. § 3585 "(b) **Credit for prior custody.--**a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence is imposed. . .." Defendant violated the terms and conditions of his supervision on his State case for drug trafficking activity which is an offense that is not connected to this federal prosecution. Credit for time spent in official detention before a defendant's sentence begins is computed by the Attorney General **after** the defendant has begun to serve his sentence. 18 U.S.C. § 3585(b). *See, United States v. Wilson*, 112 S.Ct. 1351 (1992); *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir.1994).

The sentence imposed by this Court took into account the surrounding circumstances related to the New Mexico State court probation violation and the offense of drug trafficking. The Court was made aware both through the Pre-Sentence Report and by Defendant's counsel of the facts and circumstances that led to the revocation of probation proceedings in the State Court. *See*, PSR, paragraphs 4 - 15. Whether good time is awarded or not by State authorities is a matter that rests within the State's realm of concern. The Defendant was

sentenced on February 11, 2013, for his violation of federal law and due regard was given to the issue of whether the sentence should have been imposed concurrent to the State sentence, partially concurrent or consecutive to the State sentence. Considering the matter and having heard from counsel the Court ruled that the sentence should be imposed and served consecutive to the State sentence. U.S.S.G. §5G1.3(c).

Defendant's criminal history is substantial, falling within criminal history category V. Among the Defendant's convictions are the following: three Driving While Intoxicated convictions (PSR, paragraphs 32,33, and 34), one Aggravated Driving While Intoxicated conviction (PSR, paragraph 37, one Aggravated Assault (Deadly Weapon) (Firearm Enhancement) conviction (PSR, paragraph 35), one Felon in Possession of a Firearm (PSR, paragraph 36), one Possession of a Firearm in Relation and in Furtherance of a Drug Trafficking Crime (PSR, paragraph 36), and one Trafficking (by manufacturing methamphetamine) (PSR, paragraph 38). The convictions represent substantial issues over a period of years with gun violence and trafficking in controlled substances. Despite Defendant's prior record of violation of Gun Laws the instant offense once again involves a gun related offense.

**IT IS ORDERED** that the Defendant's Motion to Amend Judgment and Sentence should be and the same is **DENIED.**

Dated this 17th day of June, 2013.

                              *Alan B. Johnson* (signature)

----

Alan B. Johnson
United States District Judge